O’NIELL, J.
This suit was brought by the Attorney General and Emile J. Naudon, in the name of the state of Louisiana, under the provisions of section 2593 of the Revised Statutes, to oust Plenry C. Schaumburg from the office of member of the Orleans Parish school board, and to have Naudon installed into office. The civil district court gave judgment in favor of defendant, rejecting plaintiff’s demand. Inasmuch as there was no right of appeal, the office being without salary or emolument, and as the question involved was one of public importance, the case was brought to-this court on a writ of certiorari, issued at the instance of the plaintiff.
Schaumburg was appointed by the Governor to fill a vacancy caused by the death of Hon. P. A. Capdau, in 1919. Capdau had been elected in November, 1916, for the full term of 6 years, which will expire in 1922'. Naudon was elected in November, 1920, to fill the same unexpired term. Schaumburg was not a candidate for election in November, 1920, because he was advised by the Assistant Attorney General, on the 27th of October of that year, that his appointment in 1919 was for the unexpired portion of the term ending in 1922. Eor that reason, Schaumburg refuses to surrender the office.
Plaintiff contends that Schaumburg’s appointment in 1919 was to fill the office only until the next congressional election, which was held in November, 1920. Plaintiff relies upon the provisions of section 64 of Act 120 of 1916, p. 273, referring particularly and only to the Orleans Parish School board, viz.:
“All vacancies occurring in said board shall be filled by appointment by the Governor of the state until the next congressional election, at which time the vacancies shall be filled by an election by the people in the manner herein-above provided.”
Schaumburg relies upon Act 236 of 1916, p. 505, viz.:
“Section 1. Be it enacted by the General Assembly of the state of Louisiana, that in case there shall occur a vacancy in the office of coroner, justice of the peace, constable, police juror or member of the parish school board, members of boards of aldermen of municipalities having a population of less than five thousand, whether the same be created by death, resignation or otherwise the Governor of the state of Louisiana is hereby authorized and. empowered to fill such vacancy for the remainder of the unexpired term by appointment, provided that such appointee shall possess all the qualifications under existing laws required to hold said office.
“Section 2. Be it further enacted, etc. That all laws or parts of laws in conflict herewith be and the same are hereby repealed.”
Act 236 of 1916 was approved on the next day after the approval of Act 120 of that year. Therefore, it is conceded that, if the Act 236 of 1910 was intended to have effect in the parish of Orleans, its provisions must prevail over those of section 64 of Act 120 of the same year. In other words, if Act 236 of 1916 is applicable to the Orleans Parish school board, as well as to all other parish school boards, the provisions of section 64 of Act 120 of that year, limiting the authority of the Governor to fill a vacancy in the Orleans Parish school board until the next congressional election, was repealed by the Act 236 of that year, extending the authority of the Governor to fill a vacancy in a parish school board until the end of the unexpired term. .
It is unreasonable to assume that the Legislature intended that any provision in Act 120 of 1916 .should be repealed by Act 236 of the same year, because the Act 120 of that year had not yet been promulgated when the Act 236 was approved. As the two acts were under consideration by the Legislature at the same time, it cannot be presumed that the *473 Legislature purposely left in the one statute a provision which was intended to be repealed by the other statute. It is a matter of no importance, however, whether the Legislature intended that Act 236 of 1016 should repeal any provision of the Act 120 of that year. The fact is that Act 236 of that year did expressly repeal all laws or parts of laws in conflict therewith. In so far as the two acts are in conflict and cannot be both applied, the later statute must prevail. The only question, therefore, is whether Act 236 of 1916 applies to the parish of Orleans.
ISTo better reason can be given for holding that Act 236 of 1916 does apply to the parish of Orleans than the fact that the parish of Orleans is not expressly excepted from the effect of the statute. It does not contain the familar expression, “the parish of Orleans excepted,” which is found in all statutes as to which the parish of Orleans is excepted.
If we should hold that Act 236 of 1916 did not repeal section 64 of Act 120 of that year, merely because, perhaps, the Legislature overlooked the inconsistent provisions of section 64 of Act 120 of that year, we would, for the same reason, be compelled to hold that Act 236 did not repeal section 5 of Act 120 of 1916; for section 5, referring only to the parish school boards other than the Orleans Parish school board, declares that all vacancies occurring in parish school boards, caused by death or otherwise, shall be filled by a special election called for that purpose in the ward where the vacancy has occurred, if the unexpired term be two years or more, and by appointment by the Governor if the unexpired term be less than two years. Section 5 of Act 120 of 1916 is therefore also inconsistent with Act 236 of that year. Yet no one could doubt that section 5 has been repealed and superseded by Act 236 of 1916. In fact, it cannot be doubted that Act 236 of 1916 must be declared applicable to the Orleans. Parish school board if we ignore the inconsistent provisions of section 64 'of Act 120 of that year. In other words, if we assume, as we must assume, that the Legislature, in adopting Act 236 of 1916, did not have in mind the provisions conflicting therewith in section 64 of Act 120 adopted at the same session, we must also assume that the Legislature intended that Act 236 should have general application throughout the state, in the parish of Orleans as well as in all other parishes; because, if the Legislature did not have in mind particularly the parish of Orleans, it is certain that there was no intention of excluding that parish from the effect of the law.
The attorneys for relators present a very strong argument in support of their contention that the Legislature did not intend that Act 236 of 1916- should apply to the Orleans Parish school board. They say that the manifest purpose, and only purpose, of the act was to obviate the holding of special elections to fill vacancies in parish or ward offices having little or no emolument, and not of general importance. They say that there was no reason for desiring to obviate the holding of special elections to fill vacancies occurring in the Orleans Parish school hoard, because special elections for that purpose were already obviated by the provisions of section 64 of Act 120 of 1916. They say that there was good reason for obviating the holding of special elections to fill vacancies occurring in the school boards of other parishes; because, in section 5 of Act 120 of 1916, referring only to the school boards of other parishes than the parish of Orleans, it was provided that a vacancy should bo filled by a special election if the unexpired portion of the term should be two years or more, and by appointment by the Governor if the unexpired portion of the term should be less than two years. A ready answer to that argument is that the Legislature, in adopting Act 236 of 1916, did *475 not have in mind the conflicting provisions of either section 5 or section 64 of Act 120 of that year. If the Legislature had thought of the provisions of either section 5 or section 64 of Act 120 of 1916, which were so plainly in conflict with the provisions of Act 236' of the same session, the conflicting provisions of section 5 and section 64 of Act 120 would have been omitted from Act 120, or would have been made to conform with the provisions of Act 236 of the same session.
Act 120 of 1916 is a general law, in that it embraces the entire subject of public education throughout the state. Section 63 of the act, however, declares that the parish of Orleans is excepted from the provisions of sections 1 to 62, inclusive, except those sections specifically conferring certain authority or imposing certain obligations upon the officials of the public schools of the parish of Orleans, and particularly certain sections enumerated in section 63. Section 70 declares that sections 63 to 69, inclusive, shall apply only to the parish of Orleans. If, for that reason, we should hold that section 64 is a special or local law, and was therefore not intended to be repealed by Act 236 of 1916, we might be constrained to hold, if the question should ever arise, that section 64, and in fact sections 63 to 69, inclusive, of Act 120 of 1916, are unconstitutional. We must bear in mind that article 48 of the Constitution declares:
“The General Assembly shall not pass any local or special law * * * regulating the management of public schools.”
And we must bear in mind that Act 120 of 1916 does not contain a recital that notice was given of the intention to apply for the enactment of the law, as is required by article 50 of the Constitution, for the enactment of a local or special law on any subject not forbidden by article’ 48. It is true the defendant in this case has not pleaded, or contended in argument, nor has it been suggested either in the opinion of the district court or in that of the Assistant Attorney General, that section 64 of Act 120 of 1916 is unconstitutional. It is not unconstitutional if it is not a local or special law. Plaintiff cannot insist that it is a local or special law without endangering its validity; and, if it be invalid, the law that governs this case is that which the judge of the civil district court has applied — i. e., Act 236 of 1916.
Our conclusion is that the judgment appealed from is correct.
The relief prayed for is denied.
DAWKINS, J., dissents.