(No. 18785.— )

THE ZURICH GENERAL ACCIDENT AND LIABILITY INSURANCE COMPANY *et al.* Plaintiffs in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(WILLIAM WALKER, Defendant in Error.)

*Opinion filed October 25, 1928.*

GEORGE A. SCHNEIDER, for plaintiffs in error.

MARGUERITE RAEDER GARIEPY, for defendant in error.

Mr. Justice Heard delivered the opinion of the court:

Plaintiffs in error by leave of this court have sued out a writ of error to review the record of an order of the superior court of Cook county confirming an award of the Industrial Commission of Illinois against the Union Battery Company and in favor of William Walker, one of its employees, who claims to come within the provisions of what is known as the Occupational Diseases act.

The only question argued before the superior court was the constitutionality of section 15 of the above act, (Laws of 1923, p. 351,) which provides:

"Sec. 15. (*a*) For any injury to the health of any employee proximately caused by any willful violation of section 1 of this act, or willful failure to comply with any of the provisions of section 1 of this act, a right of action shall accrue to the party whose health has been so injured, for any direct damages sustained thereby; and in case of the loss of life by reason of such willful violation or willful failure as aforesaid, a right of action shall accrue to the widow of such deceased person, his lineal heirs or adopted children, or to any other person or persons who were, before such loss of life, dependent for support upon such deceased person, for a like recovery of damages for the injury sustained by reason of such loss of life, not to exceed the sum of ten thousand dollars: *Provided,* that every such action for damages in case of death shall be commenced within one year after the death of such employee.

"(*b*) 1. If an employee is disabled or dies, and his disability or death is caused by an occupational disease arising out of and in the course of his employment in one or more of the occupations referred to in section 2 of this act, he or his dependents, as the case may be, shall be entitled to compensation, in the same manner and subject to the same terms, conditions and limitations as are now or may hereafter be provided by the Workmen's Compensation act for

accidental injuries sustained by employees arising out of and in the course of their employment; and for this purpose the disablement of an employee by reason of an occupational disease, arising out of and in the course of his employment in one or more of the occupations referred to in section 2 of this act, shall be treated as the happening of an accidental injury.

"2. As used in this subdivision (*b*) of this section, the word 'disability' means the state of being disabled from earning full wages at the work at which the employee was last employed by the employer from whom he claims compensation; the word 'disablement' means the act of becoming disabled from earning full wages at the work at which the employee was last employed by the employer from whom he claims compensation; the words 'occupational disease' mean a disease peculiar to and due to the nature of an employment in one or more of the occupations referred to in section 2 of this act; and the word 'occupations' means and includes each and every process, manufacture, employment, and process of manufacture or labor referred to in section 2 of this act.

"3. The Industrial Commission shall have jurisdiction over the operation and administration of this subdivision (*b*) of this section; and it shall have, exercise, perform and discharge the same rights, powers and duties with reference to this subdivision (*b*) of this section as it shall have, exercise, perform and discharge with reference to the Workmen's Compensation act, or any amendments thereto or modifications thereof. Notice of the disablement shall be given to the employer, and claim for compensation shall be made, in the same manner and within the same periods of time, respectively, as are now or may hereafter be provided in the Workmen's Compensation act concerning accidental injuries sustained by employees arising out of and in the course of their employment. Proceedings for compensation hereunder shall be had and maintained in the

same manner as is now or may hereafter be provided by the Workmen's Compensation act with reference to proceedings for compensation for accidental injuries. The procedure and practice provided in the Workmen's Compensation act, and all amendments thereto and modifications thereof, shall apply to all proceedings hereunder.

"4. This subdivision (*b*) of this section shall apply automatically and without election to all employees and employers engaged in the occupations referred to in section 2 of this act. No common law or statutory right to recover damages for injury or death sustained by any employee by reason of an occupational disease arising out of and in the course of his employment in one or more of the occupations referred to in section 2 of this act, other than the compensation herein provided, shall be available to any employee who is covered by the provisions of this subdivision (*b*) of this section, to anyone wholly or partially dependent upon him, the legal representatives of his estate, or anyone otherwise entitled to recover damages for such injury. The compensation herein provided, together with the provisions of this subdivision (*b*) of this section, shall be the full, complete and only measure of responsibility of any employer engaged in any of the occupations referred to in section 2 of this act.

"5. Any common law or statutory right of action to recover damages for injury to the health or death sustained by an employee in this State from an occupational disease prior to the taking effect hereof shall not be affected by this act and every such existing right of action is continued and nothing in this act shall be construed as limiting the right of such action so accrued before the taking effect of this act."

It is contended by plaintiffs in error that this section violates section 13 of article 4 of the State constitution, in that its provisions are not embraced in the title of the act. The rule of law is, that an investigation like this, concerning the constitutionality of an act of the legislature, begins

with the presumption that the act is valid. All doubts or uncertainties arising either from the language of the constitution or the act must be resolved in favor of the validity of the act, and the court will only assume to declare it void in case of a clear conflict with the constitution. The duty of the court is to so construe acts of the legislature as to uphold their constitutionality and validity if it reasonably can be done, and if their construction is doubtful the doubt will be resolved in favor of the law. If all the provisions of an act relate to one subject indicated in the title and are parts of it or incident to it, or reasonably connected with it or in some reasonable sense auxiliary to the object in view, then the provision of the constitution is obeyed. (*People* v. *Newcom,* 318 Ill. 188, and cases cited.) The title of the act in question is, "An act to promote the public health by protecting certain employees in this State from the dangers of occupational diseases, and providing for the enforcement thereof." A comparison of the provisions of section 15 with the title of the act demonstrates that the provisions of section 15 legitimately tend to effectuate the purpose of the act as expressed in the title, that they are germane thereto and are in a reasonable sense auxiliary thereto, and hence are not in violation of the constitutional inhibition that no act of the legislature "shall embrace more than one subject, and that shall be expressed in the title."

It is also contended that section 13 of the constitution is violated by reason of the reference to and incorporation of the provisions of the Workmen's Compensation act in the Occupational Diseases act without inserting in the section such provisions at length. The effect of that section is to incorporate into the act all of the provisions of the Workmen's Compensation act applicable. This is simply the familiar legislative process of adopting certain portions of another statute by reference. It is a method of legislation which is frequently followed and has uniformly been held to be free from constitutional objections. The effect

of such reference is the same as though the statute or the provisions adopted had been incorporated bodily into the adopting statute. (*People* v. *Crossley,* 261 Ill. 78; *Zeman* v. *Dolan,* 279 id. 295; *People* v. *Stitt,* 280 id. 553; *Evans* v. *Illinois Surety Co.* 298 id. 101; *Hagler* v. *Small,* 307 id. 460; *People* v. *Kramer,* 328 id. 512.) An act which adopts by reference the whole or a portion of another statute adopts it not only as it exists at the time of the adoption, but also includes subsequent additions or modifications of such statute, where the legislative intent so to do is clearly, either expressly or impliedly, shown. Section 15 is not unconstitutional for any of the reasons alleged.

The order of the superior court of Cook county is affirmed.

*Order affirmed.*