(No. 24935.— )
THE PEOPLE *ex rel.* Radium Dial Company, Petitioner, *vs.*
EDWARD T. RYAN, Circuit Clerk, Respondent.

*Opinion filed June 15, 1939.*

DUNCAN & O'CONOR, and MOSES, KENNEDY, STEIN & BACHRACH, (ANDREW J. O'CONOR, WALTER BACHRACH, and ARTHUR MAGID, of counsel,) for petitioner.

TAYLOR E. WILHELM, State's Attorney, and LEONARD J. GROSSMAN, for respondent.

Mr. JUSTICE GUNN delivered the opinion of the court:

The Radium Dial Company, a corporation, filed its petition in this court for a writ of *mandamus* against Edward

T. Ryan, clerk of the circuit court of LaSalle county, for the purpose of requiring him to issue a writ of *certiorari* and writs of *scire facias* to review the award of the Industrial Commission without giving a bond, as required by the Workmen's Compensation act. State Bar Stat. 1935, chap. 48, par. 219(f)(2).

Catherine Wolfe Donohue brought a proceeding against the relator under the Occupational Diseases act of 1911, as amended, (State Bar Stat. 1935, chap. 48, par. 199,) for disablement alleged to have been caused by radium poisoning, and on July 6, 1938, an award was made by the arbitrator and confirmed by the commission. The total amount found to be owing at the time of the hearing was $5661. The commission, in its decision and award, fixed the amount of the bond to be filed in the circuit court for the review by *certiorari* at the sum of $10,000. The relator paid the costs of the transcript, as required by law, and filed a *praecipe* with the clerk for writs of *certiorari* and *scire facias* to review the award, but did not offer a bond in the sum of $10,000, to be approved by the clerk of the court, as required by the statute above cited. The clerk refused to issue the writ without the giving of a bond as so required. The relator then filed a petition in the circuit court to require the said clerk of the circuit court, respondent herein, to accept the record and issue the said writs without the giving of the bond provided by statute. This petition was denied. The present petition is filed in this court for the purpose of compelling the respondent to issue the said writs without the giving of bond, so that the said cause may be reviewed by the circuit court of LaSalle county in the manner above provided by the Workmen's Occupational Diseases act.

The relator alleges that it is unable to give a bond, or has been unable to get security, and that there are a number of other cases of like kind pending against it and that the arbitrator and the commission proceeded without jurisdic-

tion to enter the award, because, it is claimed, Catherine Donohue terminated her employment with relator in August, 1931, and because the decision of the commission shows that she suffered disability from occupational disease on April 25, 1934. The legality of the proceedings before the arbitrator and the Industrial Commission could have been reviewed in the manner provided by statute, and such question decided by the circuit court, had the relator furnished the bond required by law. The relator contends no bond should be required, on the theory that the commission was wholly without jurisdiction to make the award, and that to refuse a review of a void proceeding, unless bond is given, would deprive the relator of the constitutional right of a judicial review of the actions of an administrative board.

The question presented is whether an award of the Industrial Commission, claimed to be void for want of jurisdiction, may be reviewed by the circuit court in the manner provided by statute, without the employer giving bond— not that there is no judicial review provided by law.

The provision of the Occupational Diseases act (State Bar Stat. 1935, chap. 48, par. 199(4)) has been construed to include within the Occupational Diseases act all the applicable provisions of the Workmen's Compensation act. (*Zurich Accident Ins. Co.* v. *Industrial Com.* 331 Ill. 576; *Raymond* v. *Industrial Com.* 354 id. 586.) The Workmen's Compensation act provides that any employer coming under the provisions of the act shall file a sworn statement of his financial condition satisfactory to the commission, or furnish security guaranteeing the payment by the employer of the compensation authorized by the act, or he must insure his liability to pay compensation in some insurance carrier satisfactory to the Industrial Commission. (State Bar Stat. 1935, chap. 48, par. 226.) Failure to comply with these requirements constitutes a misdemeanor punishable with a fine of not less than $100 or more than $500

for each day of such neglect or refusal (par. 226) and unreasonable delay in the payment of compensation authorizes a penalty equal to fifty per cent of the amount of the award. (par. 219(k).) When an award becomes final and it is not paid, provision is made for having a judgment entered against the employer in the circuit court, including costs and attorneys' fees, which, unless set aside, shall have the same effect as though rendered in an action tried and determined in the circuit court. (par. 219(g).) All of these provisions become a part of the act relating to occupational diseases by reference and, in effect, become conditions under which such an employer may do business.

The Workmen's Compensation act has been held a reasonable exercise of police power (*Zurich Accident Ins. Co. v. Industrial Com. supra*); that it does not violate the guaranty of a jury trial (*Grand Trunk Western Railway Co. v. Industrial Com.* 291 Ill. 167); is not arbitrary or wanting in uniformity (*Marshall Field & Co. v. Industrial Com.* 285 Ill. 333); is not class legislation (*Casparis Stone Co. v. Industrial Board,* 278 Ill. 77); that, when accepted, it becomes a binding, legal contract and no constitutional rights are violated by its enforcement (*Keeran v. Peoria, Bloomington and Champaign Traction Co.* 277 Ill. 413); and that it does not impair the freedom of contract. (*Chicago Railways Co. v. Industrial Board,* 276 Ill. 112). It is thus seen that it complies with substantially all constitutional requirements applicable. It should be liberally construed (*Scholl v. Industrial Com.* 366 Ill. 588) and all provisions must be construed as a whole and read together to determine the legislative intent. (*Illinois Zinc Co. v. Industrial Com.* id. 480). No reason is suggested why the provisions of the Workmen's Occupational Diseases act, which are similar to those of the Workmen's Compensation act, except in so far as the subject matter itself requires difference, should not receive the same construction, especially when the act is to be administered by the Industrial Commission.

No cases have been cited which go to the extent that to require a bond to review an award or other action of an administrative board deprives one of any rights under the State or Federal constitutions. On the contrary, where a review of an administrative order is granted by law, or where an ineffective appeal may be disastrous, many conditions precedent which might be deemed harsh have been upheld as not in violation of the constitution.

A number of cases are cited by the relator, which do not control the present situation. *Courter* v. *Simpson Construction Co.* 264 Ill. 488, simply held that the common law writ of *certiorari* applied to compensation cases if no proper remedy for a judicial review was provided. *Otis Elevator Co.* v. *Industrial Com.* 302 Ill. 90, *Commerce Com.* v. *Cleveland, Cincinnati, Chicago and St. Louis Railway Co.* 309 id. 165, and *Commerce Com.* v. *Chicago and Eastern Illinois Railway Co.* 332 id. 243, go no further than to lay down the familiar rule that due process of law requires the actions of an administrative board to be submitted to a judicial inquiry on law and fact. *Crowell* v. *Benson,* 285 U. S. 22, 76 L. ed. 598, announcing the same rule, further held that even where a statute provided for a method of review, *certiorari* would be available to directly review questions of law and fact if such remedy was not expressly prohibited by law. The cases of *St. Joseph Stock Yards Co.* v. *United States,* 298 U. S. 38, 80 L. ed. 1033, *Oklahoma Operating Co.* v. *Love,* 252 id. 331, 64 L. ed. 596, *Chicago, Milwaukee and St. Paul Railway Co.* v. *Minnesota,* 134 id. 418, 33 L. ed. 970, and *Ex parte Young,* 209 id. 123, 52 L. ed. 714, all involved attempts on the part of the legislature, either directly or through its agents, to establish rates for utilities without an opportunity for a review by a court, or allowing a review subject to such harsh penalties as to substantially prevent a review. On the other hand, *Wadley Southern Railway Co.* v. *Georgia,* 235 U. S. 651, 59 L. ed. 405, and *Natural Gas Pipeline Co.* v. *Slatterly,* 302 id. 30, 82 L. ed.

276, both hold that statutes providing heavy penalties for the violation of administrative orders do not render such provisions void as a restraint on review, where there is a method of review allowed in the same act.

The decisions above, applying to cases where utility rates are involved, all apply to situations where the action of the tribunal questioned is legislative in its character and are to be distinguished from those where the questioned order is from an executive officer or a body possessing semi-judicial functions. This is clearly pointed out in *Nega* v. *Chicago Railways Co.* 317 Ill. 482, where it was claimed that the entire section 19 of the Workmen's Compensation act was void because it did not provide for a review of the findings of fact of the commission. That there is such a distinction between the requiring of review of actions purely legislative in character and those executive or semi-judicial is illustrated by *Lloyd Sabaudo Societa Anonima* v. *Elting,* 287 U. S. 329, sustaining a deportation order by the Secretary of Labor, and *Leach* v. *Carlile,* 258 id. 138, upholding the decision of the Postmaster-General in excluding certain matter from the mail, in both of which cases the actions were challenged because there was no provision for judicial review. See, also, *Hawkins* v. *Bleakly,* 243 U. S. 210, 61 L. ed. 678; *Plymouth Coal Co.* v. *Pennsylvania,* 232 id. 531, 58 L. ed. 713.

Judicial proceedings are not always essential to constitute due process of law. In *People* v. *Apfelbaum,* 251 Ill. 18, at page 27, we said: "Due process of law does not necessarily imply judicial proceedings. Orderly proceedings according to established rules which do not violate fundamental right must be observed, but there is no vested right in any particular remedy or form of proceeding. A general law, administered in its regular course according to the form of procedure suitable and proper to the nature of the case, conformable to the fundamental rules of right and affecting all persons alike, is due process." This case

was followed in *Klafter* v. *State Board of Examiners,* 259 Ill. 15, where it was held that authority to revoke an architect's license by the board of examiners, without any provision for judicial review, did not violate due process.

In *People* v. *Chicago Title and Trust Co.* 261 Ill. 392, at page 394, the court, quoting Cooley's Constitutional Limitations, (7th ed.) p. 506, says: "Due process of law in each particular case means such an exertion of the powers of government as the settled maxims of law permit and sanction, and under such safeguards for the protection of individual rights as those maxims prescribe for the class of cases to which the one in question belongs." This definition is also adopted in *Harrigan* v. *County of Peoria,* 262 Ill. 36.

In *Nega* v. *Chicago Railways Co. supra,* it was held a statute which permits judicial review of questions of law, *only,* arising on the decision of an administrative body, where the act of such body is in its nature judicial rather than legislative, does not violate the due process clause of the constitution.

The Occupational Diseases act under consideration applies to both employer and employee. The employee is required to forego his common law suit against the employer but has a right to presume that the compensation provided will be paid by reason of the requirement of the statute that the employer will give bond or make the insurance provisions that will make payment certain. The employer, on the other hand, by the terms of the statute, can calculate in advance the approximate measure of payment to the employee, based upon the compensation he is receiving, is immune from suits at law and makes provision for the prompt payment of such liability as a condition of carrying on what the legislature deems to be an extra hazardous business. Under such conditions when an award is made against the employer, since he is presumed to have already provided for the payment of any lawful award, he is not

injured or deprived of any constitutional right by being required to give a bond for the payment of the award as a condition of having his case reviewed. A judicial review of the proceeding before the commission is not denied but expressly allowed by the act. The requiring of a bond to secure the payment of the award does not deprive the employer of judicial review, but, in fact, requires no more than a continued compliance with the duties imposed upon the employer.

It has been frequently held that the allowance of an appeal is not necessary to due process of law. *District of Columbia* v. *Clawans,* 300 U. S. 617, 81 L. ed. 843; *Baldwin* v. *Iowa State Traveling Men's Ass'n,* 283 id. 522, 75 L. ed. 1244; *State of Ohio* v. *Akron Metropolitan Park District,* 281 id. 74, 74 L. ed. 710; *City of Chicago* v. *Cohn,* 326 Ill. 372, *Bagdonas* v. *Liberty Land and Investment Co.* 309 id. 103.

In view of the foregoing provisions of the statute, reciprocal in their provisions as to employer and employee, it cannot be reasonably claimed the law deprives the employer of judicial review in violation of the constitution.

Since we must presume that the provisions of the law had been complied with by the relator and therefore it has either shown its financial ability to pay an award or has given security or has taken out insurance, it is not unreasonable to infer that it has now estopped itself to make a claim of inability to pay or give security which it is presumed to have already given. The requirement of a bond as a condition precedent to a review by statutory *certiorari* under such conditions is neither unreasonable nor does it violate any constitutional right. Under quite similar circumstances the same, result was reached in *Union Indemnity Co.* v. *Saling,* 166 Okla. 33, 26 Pac. (2d) 217.

It is our conclusion that the relator has not established a clear legal right to review in the manner prayed in its petition, and accordingly the writ of *mandamus* is denied.

*Writ denied.*