

# THE ATTORNEY GENERAL
## OF TEXAS

**GROVER SELLERS**  AUSTIN 11, TEXAS
ATTORNEY GENERAL

Honorable M. E. Baker
President of Corpus Christi Junior College
Corpus Christi, Texas

Attention: Dean E. L. Harvin

Dear Sir:

Opinion No. O-5891

Re: Are ex-servicemen entitled to free tuition in the public junior colleges that receive benefits from the Public Junior College Appropriation Act?

Your letter of January 21 reads in part as follows:

"The Texas Association of Public Junior Colleges requested that I ask you for a ruling on the question of whether or not ex-servicemen can claim free tuition in the public junior colleges that receive benefits from the Public Junior College Appropriation Act, which was passed by the last two sessions of the Legislature."

In order to arrive at the correct answer to your inquiry, it will be necessary to review the history of the various Legislative enactments, applicable to institutions of collegiate rank and exemption from payment of tuition, so as to ascertain the Legislative intent.

Article 2654a, V. A. C. S. (Ch. 237, Acts of 1927, 40th Leg.) relates to matriculation fees and charges to be exacted by the State educational institutions (of higher learning) as therein set forth and designated.

Article 2654b, V. A. C. S. (2nd C. S., Ch. 52, 41st Leg.) provides for the exemption of veterans of the Spanish-American war from the payment of any fees or charges in State institutions, schools or colleges of Texas to the same extent as veterans of the (First) World War are exempt from such fees or charges under

State laws.

"The "State laws" referred to therein were the provisions of H. B. 182, Ch. 147, Acts of 1923, 38th Leg., which exempted certain veterans of World War 1 from the payment of all dues, fees and charges whatsoever, with certain exceptions, fixed or collected by the public educational institutions of this State.

Sec. 1 of Article 2654b-1 (1st C. S., p. 10, Ch. 6, 43rd Leg.) provides for the exemption of veterans of the Spanish-American and/or World War from the payment of all dues, fees and charges whatsoever, by the institutions of collegiate rank, supported in whole or in part by public funds appropriated from the State Treasury. Sec. 2 thereof makes the same exemptions applicable to the highest ranking graduate of accredited high schools of this State.

Article 2654c (Ch. 196, p. 596, 43rd Leg.) provides for compulsory tuition as therein set forth. Same is to be collected from students registering in the several institutions of collegiate rank supported in whole or in part by public funds appropriated from the State Treasury. The provisions of said Chapter 196 (supra) repealed Art. 2654b (H. B. 182). Attorney General's letter opinion to Dr. H. Y. Benedict, President, University of Texas, dated August 22, 1933 and Attorney General's opinion No. O-4200.

It is evident that in passing Chapter 196 aforesaid the Legislature intended to and did substitute the compulsory tuition fees, as therein stipulated and required, for the matriculation fees allowed in Art. 2654a (supra). It is also evident that it did not intend to repeal any of the other provisions of said Art. 2654a.

It will be noted that the above mentioned Art. 2654b-1 was enacted at the 1st C. S. of the 43rd Legislature and being a later expression of the Legislature than the above mentioned Art. 2654c, its provisions as to the exemptions from payment of all dues, fees and charges whatsoever, operate as an exception to the provisions of Art. 2654c which provides for compulsory tuition.

So it will have to be conceded that when the provisions of said Ch. 196 of the 43rd Legislature (Art. 2654c) and the provisions of Ch. 6, 1st C. S. of said 43rd Legislature (Art. 2654b-1) became effective, that the governing boards of the several institutions of collegiate rank, supported in whole or in part by public funds appropriated from the State Treasury, were required to collect from all students the tuition as provided in said Article 2654c, with the exception that such governing boards should not collect such tuition from the students exempted by Sections 1 and 2 of Article 2654b-1. As the Public Junior Colleges were not then supported in whole or in part by public funds appropriated from the State Treasury and the Board of Trustees of a Junior College District (except those that were State supported) had the authority to "fix and collect fees for matriculation, laboratories, libraries, gymnasium and tuitions", as provided in Sec. 13, Article 2815H, V. A. C. S. (Ch. 290, Acts of 41st Leg.) it is evident that neither said Article 2654b-1 nor 2654c applied to such Junior Colleges.

However, since the enactment of the above referred to Legislation the Junior College Appropriation Act was enacted by the 48th Legislature, Ch. 157, (Art. 2815J-2, V. A. C. S. ) and Ch. 337 of the 48th Leg. (Art. 2654b-1) was also enacted.

If this new Legislation did not change the existing law pertaining to such Junior Colleges then our answer to your question would of necessity be that ex-servicemen cannot claim free tuition in the public Junior Colleges. It is our opinion, however, that the two Acts in question make it mandatory that the Junior Colleges, who receive benefits from the Junior College Appropriation Act, receive the ex-servicemen without payment of tuition as provided for in Sections 1 and 3 of Article 2654b-1.

We will first discuss the Junior College Act which was enacted by the 48th Legislature, Ch. 157, (Art. 2815J-2, V. A. C. S.). The following provisions of said Act are pertinent to your inquiry:

"Sec. 1. There shall be appropriated biennially from monies in the State Treasury not otherwise appropriated an amount sufficient to supplement local funds in the proper support, maintenance, operation, and improvement of the Public Junior Colleges of Texas, which meet the standards as herein provided; and said sum shall be allocated on a basis and in a manner hereinafter provided.

"Sec. 2. To be eligible for and to receive a proportionate share of this appropriation, a public Junior College must be accredited as a first-class Junior College by the State Department of Education and the State Department of Education is hereby authorized to set up rules and provisions by which public Junior Colleges may be inspected and accredited. * * * It shall be mandatory that each institution participating in the funds herein provided shall collect from each pupil enrolled, matriculation and other session fees not less than the amount provided for by law and by other State supported institutions of higher learning; as provided in Articles 2654a, 2654b and 2654c, the Revised Civil Statutes of Texas * * * *".

It is apparent from examination of the quoted portions of Chapter 157, (supra) that the Legislature did not intend by said enactment to prescribe either a fixed or a maximum scale of entrance fees for Junior College Districts which qualify for State funds under said Act. The evident purpose of the Legislature was to prescribe the minimum fees which the Board of Trustees might fix if the district is to qualify for State funds; specifically Chapter 157 requires that such district charge not less than the fees prescribed by law for State-supported colleges and universities "as provided in Articles 2654a, 2654b, 2654c, Revised Civil Statutes of Texas."

Examination of the official Revised Statutes of Texas will disclose that there are no such numbered statutes contained therein. Our investigation further discloses no enactment officially so numbered and designated. It is evident, therefore, that the reference was

in error; but under settled canons of statutory construction, we perceive the rule to be that a statute should not be denied effect because of errors of expression, so long as the Legislative intent can be ascertained. 59 Corpus Juris., pp. 601, et seq.; ibid., pp. 948, et seq.

In attempting to ascertain the Legislative intent in the present instance we are of the opinion that the reference actually intended was to the widely used unofficial compilation of Texas Statutes by the Vernon Law Book Company. See Hughes vs. Kelly Bros., 129 S. W. 784; Hollibaugh vs. Hahn, 79 Pac. 1044; People vs. Van Bever, 93 N. E. 725. The Vernon compilation does contain material with these numerical designations which relate to the subject matter of fees and charges in State-supported institutions of higher learning as set forth above. However, a portion of the material which is embodied as "2654a" in Vernon's compilation was repealed in 1933 by the enactment of Article 2654c, V. A. C. S. (supra), and Article "2654b" was repealed in toto by said Article 2654c, as above set forth. Inasmuch as Article 2654b was repealed and was wholly a statute of exemption as to certain students from the payment of tuition in State-supported schools, the Legislature evidently intended to refer to Article 2654b-1 which contained the same exemptions as said repealed Article 2654b, as well as other exemptions. It would follow that inasmuch as the Legislature, in enacting this Junior College Appropriation Act referred to this exemption statute, intended for such exemptions to apply to all the Junior Colleges which qualified under the Act. However, even though it should be held that the numerical references are so ambiguous as to render their identification impossible, we can still arrive at the Legislative intention with reasonable certainty by the language used in said Act. Eliminating the numerical references the intention of the Legislature nevertheless is ascertainable, for the reason that its direction is that Junior College districts which desire to qualify under Chapter 157, supra, must "collect from each pupil enrolled, matriculation and other session fees not less than the amounts provided for by law and by other State-supported institutions of higher learning. State vs. Ransom, 73 Mo. 78, distinguished and approved Gunter vs.

Texas Land and Mortgage Company, 82 Tex. 497, 117 S. W. 840.

If the above Junior College act was the last expression of the Legislature in reference to the subject involved herein, the correct answer to your inquiry would be very doubtful. But the same Legislature, subsequent to the enactment of said Act, passed an Act which it called an amendment to said Article 2654b-1, by adding thereto an additional section to be known as Section 3. Section 3 merely made the exemptions provided for in Section 1 as to veterans of the Spanish-American and/or World War No. 1 and provisions of Section 2 as to exemptions provided for high ranking students of the accredited high schools, to also apply to veterans of World War No. 2. Said Bill is S. B. No. 81, Ch. 337, Acts of the 48th Legislature and embodied therein is the following significant provision: "Other than as amended herein, Article 2654b-1 is hereby reenacted and shall at all times continue in full force and effect subject only to the addition of the above section to be known as Section 3." It is our opinion that the above quoted provision of said Act in effect amounted to the incorporation in said Act of the whole of Article 2654b-1 to the same extent as if same had been made a part of the Act by incorporating said Article therein haec verba. We do not believe that the reference to said Article 2654b-1 as made in said Act violates the Constitutional provision that no law shall be revised or amended by mere reference to its title. The rule as stated by Sutherland in his work on Statutory Construction, 3rd Ed., Vol. 2, Sec. 5207, p. 547, reads as follows:

"A statute may refer to another statute and incorporate part of it by reference. (Citing, In re Heath, 144 U. S. 92, 36 L. Ed. 358, 12 Sup. Ct. 615 (1892); State v. Burchfield, 218 Ala. 8, 117 So. 483 (1928) Gadd v. McGuire, 69 Cal. App. 347, 231 Pac. 754 (1924); Gillum v. Johnson, 7 Cal. 744, 62 P. (2d) 1037 (1936); Dupont v. Mills, 39 Del. 42, 196 Atl. 168 (1937); Zurich General Accident and Liability Ins. Co. v. Industrial Commission, 331 Ill. 576, 163 N. E. 466 (1928); Department of Banking v.

Honorable M. E. Baker, p. 7

Foe, 136 Neb. 422, 286 N. W. 264 (1939);
State v. Hancock, 54 N. J. L. 393, 24 Atl.
726 (1892); Dallas County Levee Improvement
Dist. No. 6 v. Curtis, 287 S. W. 301 (Tex.
Civ. App. 1926). The Constitutional pro-
vision that no law shall be revised or
amended by mere reference to its title is
sometimes used to attack these statutes.
Reference statutes are not considered amend-
atory, however, but complete in themselves,
so that the Constitutional objection is met."

See also an opinion by Judge Gaines as reported in Quillan
vs. H. & T. C. Ry. Company, 34 S. W. 738; Leake vs. City
of Dallas, 197 S. W. 473; Dallas County Levy Dist. vs.
Looney, 207 S. W. 310.

The provision in this later Act, which states
that "The governing boards of the several institutions
of collegiate rank, supported in whole or in part by
public funds appropriated from the State Treasury, are
hereby authorized and directed to except and exempt" ex-
servicemen from tuition, will control over and operate
as an exception to the provision in the prior Junior
College Appropriation Act which reads as follows: "It
shall be mandatory that each institution participating
in the funds herein provided shall collect from each
pupil enrolled, matriculation and other session fees
not less than the amounts provided for by law * * * *".

The rule as to repeal by conflicting acts of the
same Legislative session is stated by Sutherland in his
work on Statutory Construction, 3rd Ed., Vol. 1, Sec. 2020,
p. 484 as follows:

"In the absence of an irreconcilable con-
flict between two acts of the same session,
each will be construed to operate within the
limits of its own terms in a manner not to con-
flict with the other act. However, when two
acts of the same session cannot be harmonized
or reconciled, that statute which is the latest
enactment will operate to repeal a prior statute
of the same session to the extent of any con-
flict in their terms." (Emphasis ours).

As the latest expression of the Legislative will prevails, the statute last passed will prevail over a statute passed prior to it, irrespective of whether the prior statute takes effect before or after the later statute. People vs. Kramer, 328 Ill. 512, 160 N. E. 60 (1928); Newbauer vs. State, 200 Ind. 118, 161 N. E. 826 (1928); State vs. Schaumburg, 149 La. 470, 89 So. 536 (1921); State vs. Marcus, 34 N. M. 378, 281 Pac. 454 (1929); Winslow vs. Fleischner, 112 Ore. 23, 228 Pac. 101, 34 A. L. R. 826 (1924); Buttorff vs. York, 268 Pa. 143, 110 Atl. 728 (1920).

It is therefore our opinion that the ex-servicemen can claim free tuition in the public Junior Colleges that receive benefits from the Public Junior College Appropriation Act.

Trusting that this fully answers your inquiry, we are

Yours very truly

ATTORNEY GENERAL OF TEXAS

By        Geo. W. Barcus
            Assistant

By        W. V. Geppert
WVG:bb/mjs        Assistant

APPROVED MAY 30, 1944

/s/ Grover Sellers

ATTORNEY GENERAL OF TEXAS

THIS OPINION
CONSIDERED AND
APPROVED IN
LIMITED
CONFERENCE