ALFRED· VISIONI, Defendant in Error, *vs.* THE INDUSTRIAL COMMISSION *et al.*—(PILLSBURY FLOUR MILLS COMPANY, Plaintiff in Error.)

*Opinion filed May 13, 1942.*

MURPHY, C. J., specially concurring.

ORR, VAIL, LEWIS & ORR, McKENNA & HARRIS, and LESLIE G. PEFFERLE, (LOREN E. LEWIS, JAMES J. Mc-KENNA, and B. S. QUIGLEY, of counsel,) for plaintiff in error.

Roscoe Bonjean, and Londrigan & Londrigan, (Joseph A. Londrigan, of counsel,) for defendant in error.

Mr. Justice Smith delivered the opinion of the court:

This cause is here on writ of error granted by this court to review the judgment of the circuit court of Sangamon county. By that judgment, the court reversed and set aside the decision of the Industrial Commission and entered an award in favor of defendant in error, Alfred Visioni.

Defendant in error was employed as a sweeper in the flour mills of plaintiff in error from September, 1936, until April, 1939, Shortly thereafter he became permanently disabled as a result of pulmonary tuberculosis. On June 6, 1939, he filed an application for compensation under the provisions of the Workmen's Occupational Diseases act (Ill. Rev. Stat. 1941, chap. 48, par. 172.1, *et seq.*) His contention is that in his employment he inhaled large quantities of flour dust which irritated his nose, throat and other respiratory organs, with the result that an old latent tubercular lesion was aggravated and reactivated. The arbitrator found that he was disabled from pulmonary tuberculosis. Compensation was denied because the arbitrator concluded that pulmonary tuberculosis is a disease to which the general public is exposed outside of employment, and under the Occupational Diseases act is not compensable. Defendant in error filed a petition for review of the decision of the arbitrator by the Industrial Commission. At the same time he filed a motion for leave to prosecute his claim as a poor person. The commission denied this motion on the ground that it had no jurisdiction under the act to allow such motion. On review, the Industrial Commission affirmed the decision of the arbitrator denying compensation. In its decision it estimated the probable cost of the record to be filed as a return to the writ of *certiorari* at $130, as provided in section 19(f)(1) of the act. Ill. Rev. Stat. 1941, chap. 48, par. 172.19(f)(1).

The decision of the commission was entered on January 8, 1941. On January 20, 1941, defendant in error filed, in the office of the clerk of the circuit court of Sangamon county, his *praecipe* for a writ of *certiorari* to review the decision of the commission. On the same day he filed a motion for leave to prosecute the suit as a poor person as provided in section 5 of the Costs act (Ill. Rev. Stat. 1941, chap. 33, par. 5.) Upon an *ex parte* hearing the court entered an order directing the clerk to permit defendant in error to file a *praecipe* for writ of *certiorari,* directed to the Industrial Commission, in accordance with the act, without the payment of a filing fee or other costs, and directed the commission to certify a transcript of its decision and other proceedings "without exhibiting the receipt showing payment of the amount determined by the Industrial Commission as the probable cost of the record to be filed as a return to the writ of *certiorari."* It was further ordered that the Industrial Commission certify the transcript without further expense to defendant in error. On the same day the writ of *certiorari* and the writ of *scire facias* were issued by the clerk. A copy of the writ of *certiorari* with notice of the commencement of the proceedings was mailed by the clerk to the Industrial Commission on January 20, 1941. On the same day the clerk mailed a copy of the writ of *scire facias* and notice of the commencement of the proceedings to the attorneys for plaintiff in error. On February 13, 1941, plaintiff in error entered its special and limited appearance, by its attorneys, and filed a motion to quash the proceedings of the circuit court for want of jurisdiction. On February 25, 1941, the commission filed in the office of the circuit clerk, a complete transcript of its decision and all proceedings in the cause had before the commission, duly certified, as its return to the writ of *certiorari.* The motion to quash the proceedings was denied. Plaintiff in error refused to proceed further. Thereupon, the cause

was heard on the merits and an order and judgment entered reversing and setting aside the decision of the commission and awarding compensation to defendant in error in the sum of $15 per week for a period of 266 weeks and $10 per week for one week, and thereafter, a life pension in the amount of $26.67 per month, under the provision of section 8(f) of the Workmen's Occupational Diseases act. (Ill. Rev. Stat. 1941, chap. 48, par. 172.8(f).) An additional sum of $210 was awarded for necessary first aid, medical and hospital services as provided in section 8(a) of the act.

Plaintiff in error urges here that (1) the circuit court did not have jurisdiction to hear the cause; (2) that pulmonary tuberculosis is not an occupational disease and is not compensable under the Workmen's Occupational Diseases act; (3) the tuberculosis suffered by defendant in error did not arise out of the conditions of his employment.

The first question necessary to be determined is the contention of plaintiff in error that the circuit court was without jurisdiction. This contention is based upon the provisions of section 19(f)(1) of the act, which are as follows: "In its decision on review the Industrial Commission shall determine in each particular case the amount of the probable cost of the record to be filed as a return to the writ of *certiorari* in that case and no *praecipe* for a writ of *certiorari* may be filed and no writ of *certiorari* shall issue unless the party seeking to review the decision of the Industrial Commission shall exhibit to the clerk of the said circuit court a receipt showing payment of the sums so determined to the Industrial Commission."

The writ of *certiorari* by which the circuit courts review decisions of the Industrial Commission, in cases under the Workmen's Occupational Diseases act, is wholly statutory. In the exercise of this special statutory jurisdiction the circuit courts act, not by virtue of their general jurisdiction,

but under the powers conferred upon them by statute. (*Dunavan* v. *Industrial Com.* 355 Ill. 444; *Kudla* v. *Industrial Com.* 336 id. 279.) The writ of *certiorari* in this class of cases is not to be confused with the common law writ of *certiorari*. The circuit court has no jurisdiction to review the decisions of the Industrial Commission under the Workmen's Occupational Diseases act except by the statutory writ of *certiorari* provided in paragraph (f) of section 19 of the act, and the court can obtain jurisdiction only in the manner provided by statute. (*Central Illinois Public Service Co.* v. *Industrial Com.* 293 Ill. 62.) This does not necessarily mean, however, that all the provisions conferring jurisdiction must be found in the applicable section of the Workmen's Occupational Diseases act, alone. In determining the jurisdiction of the circuit court in a special statutory proceeding, all applicable statutes must be examined and given effect. *Central Illlinois Public Service Co.* v. *Industrial Com. supra.*

On rehearing of this cause in this court, the issues on the jurisdictional question raised have been very definitely narrowed and simplified. Counsel for plaintiff in error in their answer to the petition for rehearing make the following admissions: "We readily admit that after the suit is filed the circuit court may waive the costs which are due to its own officers. The costs that may be waived under section 5 [of the Costs act] are costs of the Court in which the proceeding is brought. The costs are those to which the Court's officers are entitled." Later in this answer, counsel for plaintiff in error state: "As stated above, we admit that the Costs act would permit the Circuit court to waive the costs and expenses which are due to its own officers. Further than that it cannot go." With these admissions of plaintiff in error, there is little left to decide on the jurisdictional question raised. When plaintiff in error admits that some of the provisions of section 5 of the Costs act apply to cases of this character, it must further admit that

if any of the provisions of that act apply, they must all be taken into consideration and be given effect.

It will be noted that section 5 of the Costs act is not limited to the bare waiver of the payment of costs due to the officers of the court. The powers conferred upon the court by that section are much broader. The section provides in substance, that upon a proper showing, the court in its discretion may permit a poor person "to commence and prosecute his action, or defend suit, as a poor person; and thereupon such person shall have all the necessary writs, process, appearances and proceedings, as in other cases, without fees or charges."

The applicable section of the Workmen's Occupational Diseases act provides the manner in which a suit or proceeding to review the decision of the Industrial Commission shall be commenced. It provides that a person to have such proceeding reviewed shall file a *praecipe* in the circuit court for a writ of *certiorari*. It further provides that no such *praecipe* shall be filed, or writ issued, unless such party shall exhibit to the clerk at the time of the filing of his *praecipe,* a receipt showing the payment, to the Industrial Commission, of the amount of the estimated cost of the transcript. This, in effect, is no different from the requirements of section 14 of the Fees and Salaries act (Ill. Rev. Stat. 1941, chap. 53, par. 31) that the filing or docket fee of the clerk shall be paid in advance before a suit may be filed, or commenced. All of these various provisions of the applicable statutes must be considered together. No one is more peremptory than another.

Section 5 of the Costs act provides that upon a proper showing the court may, in its discretion, permit a litigant to "commence and prosecute" his action or proceeding as a poor person. If such permission is granted, this section further provides that he shall have all the necessary writs and processes, as in other cases, without fees or charges. Thus, the admission of counsel for plaintiff in error that

section 5 of the Costs act permits the court, upon a proper showing, to waive the payment of costs due to its own officers, in this statutory proceeding, necessarily carries with it the admission that the further provisions of said section authorize the court to permit such person to "commence and prosecute" the same proceedings as a poor person. This admission that a proceeding of this kind is within the provisions of section 5 of the Costs act accords with our view of the law.. It disposes of the jurisdictional question in this case, as we view it. The requirement that a receipt for the payment of the amount estimated by the commission, as the probable cost of the transcript, be exhibited to the clerk, at the time the *praecipe* is filed, is not jurisdictional to the extent that it cannot be ordered waived by the court under the Costs act, any more than the provision of the Fees and Salaries act requiring the payment of the docket fee in advance. That the payment of the docket fee is not jurisdictional was definitely settled by this court in *Elles* v. *Industrial Com.* 375 Ill. 107, even where the proceeding is not prosecuted *in forma pauperis.* To the same effect is *Dowie* v. *Chicago, Waukegan and North Shore Railway Co.* 214 Ill. 49. Such requirements are merely directory. *Elles* v. *Industrial Com. supra.*

No question of the right of the court to require the Industrial Commission to certify a transcript of its decision and proceedings as a return to the writ of *certiorari,* without the payment of the estimated cost, is involved in this case. The commission did certify a transcript of its decision and proceedings in response to the writ of *certiorari* and no question of that kind is here involved. We express no opinion as to the right of the court to require a return to the writ without the payment of the estimated cost of the transcript, as that question is not in any way involved in this case. We do hold that the exhibition to the clerk of the receipt for the estimated cost of the transcript, at the

time the *praecipe* is filed, is not a jurisdictional requirement which cannot be waived by the court, where an appropriate order is entered under the Costs act permitting the one desiring to have the decision of the Industrial Commission reviewed to "commence and prosecute" his suit as a poor person without exhibiting such receipt or the payment of cost. If no such order is entered the clerk must observe the statute and decline to issue the writ, unless such receipt is exhibited. (*People ex rel. Radium Dial Co.* v. *Ryan,* 371 Ill. 597.) Counsel for plaintiff in error now concede that the question here involved was not decided in the cases of *Moweaqua Coal Mining and Mfg. Co.* v. *Industrial Com.* 322 Ill. 403; *Village of Glencoe* v. *Industrial Com.* 354 id. 190; and *People* v. *Ryan, supra,* cited and relied upon in the petition for writ of error, filed by them in this cause. The *Moweaqua Coal Co. case* was disposed of on a motion to quash a writ of *certiorari* which had been issued by the clerk without the payment of the estimated cost of the transcript. But in that case, no question of the right of the court to permit a proceeding of this kind to be commenced and prosecuted *in forma pauperis* was involved. The *Village of Glencoe case* involved the right of a municipality to institute a proceeding of this kind without the filing of a bond for the payment of an award which had been entered against it. The case of *People* v. *Ryan* was an original proceeding for *mandamus* in this court to compel the clerk of the circuit court to issue a writ of *certiorari* without the filing of a bond for the payment of an award rendered against the party desiring to have the decision of the commission reviewed. Neither of those cases involved a question of the applicability of the various provisions of the Costs act to a proceeding of this character. In the *Ryan case* the reasons why the statutory provision requiring one against whom an award had been made to give bond for the payment of

such award, in case it was affirmed, were clearly pointed out. No such reasons, however, here exist or apply to this case or to the questions here involved.

Any other construction of the applicable provisions of the Workmen's Occupational Diseases act and the Costs act would raise serious questions as to the validity of both acts, as well as the validity of certain provisions of the Workmen's Compensation act, under section 19 of article 2 and section 22 of article 4 of our constitution, as well as under section 1 of the fourteenth amendment to the constitution of the United States.

The circuit court of Sangamon county did not abuse its discretion in permitting defendant in error to commence and prosecute this proceeding without exhibiting a receipt for the payment of the estimated costs of the transcript and, without paying the clerk in advance, the docket fee provided by the Fees and Salaries act. The motion of plaintiff in error to quash the proceedings for want of jurisdiction was properly overruled.

This brings us to the question of the correctness of the decision of the court below on the merits. Both the arbitrator and the commission found that the disability of Visioni was the result of tuberculosis, which, under the facts shown in the record, was not an occupational disease compensable under the statute. This finding is supported by the evidence and is in accordance with our holding in *Stewart Warner Corp.* v. *Industrial Com.* 376 Ill. 141. The court below erred in reversing that finding and in setting aside the decision.

The judgment is reversed and the cause remanded to the circuit court with directions to enter judgment confirming the decision of the commission.

*Reversed and remanded, with directions.*

Mr. CHIEF JUSTICE MURPHY, specially concurring.