ROBERT D. ELLIS, Plaintiff-Appellant, *v.* JEFFREY C. MILLER, Director, Department of Public Aid, *et al.*, Defendants-Appellees.

First District (1st Division)    No. 83—108

Opinion filed November 21, 1983.

Hinshaw, Culbertson, Moelmann, Hoban & Fuller, of Chicago (Michael R. Callahan, of counsel), for appellant.

Neil F. Hartigan, Attorney General, of Springfield (Owen M. Field, Special Assistant Attorney General, of counsel), for appellees.

JUSTICE CAMPBELL delivered the opinion of the court:

The plaintiff, Robert D. Ellis, filed an action under the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 264 *et seq.*) to review the decision for the defendant, Jeffrey C. Miller, Director, and the Illinois Department of Public Aid (hereinafter the Department) de-

nying his application for a medical assistance grant for a period of hospitalization prior to April 1, 1982. The circuit court of Cook County, upon allowance of defendants' motion, dismissed the action for the reason that it was not timely commenced. On appeal, plaintiff has presented the following issues for review: (1) whether the trial court's ruling that plaintiff failed to file his complaint for administrative review within the time required under section 3—103 of the Code of Civil Procedure (Ill. Rev. Stat. 1981, ch. 110, par. 3—103) was erroneous as a matter of law or, in the alternative, was contrary to the manifest weight of the evidence; (2) whether the clerk of the circuit court's improper refusal to accept for filing the plaintiff's complaint for administrative review acted to deny the plaintiff his statutory right to appeal under section 3—103 of the Code; and (3) whether, under the facts and circumstances of this case, there exists an exception to the 35-day filing requirement under section 3—103 of the Code where a party, in good faith, presents a timely complaint and summons for filing.

On September 23, 1982, plaintiff filed a complaint for administrative review of a decision by the Department denying plaintiff's application for medical assistance benefits pursuant to one of the medical assistance programs administered by the Department. Plaintiff had been hospitalized on January 21, 1982, and applied on February 5, 1982, for medical assistance benefits while still a patient. This application was denied pursuant to the Department's manual because plaintiff's assets at that time exceeded the maximum allowed by agency standards. On April 30, 1982, plaintiff again applied and the Department approved the application effective for the months of April 1, 1982, through September 30, 1982, but refused to approve the enrollment for benefits for the months of January, February and March of 1982. Plaintiff filed a timely notice of appeal from the Department's ruling and a hearing was held resulting in a written notice dated August 18, 1982, denying eligibility for January through March of 1982. A copy of the notice of decision was sent to plaintiff and his attorney. This action followed.

Defendants filed their motion to dismiss asserting that the complaint was not filed within 35 days of the date of mailing of the final administrative decision in accordance with section 4 of the Administrative Review Act (Ill. Rev. Stat. 1979, ch. 110, par. 267). Attached to the motion was an affidavit of mailing to plaintiff and his attorney dated August 18, 1982. Plaintiff filed a responsive pleading, coupled with an affidavit of a docket clerk for plaintiff's attorney. The affidavit states that one hour before the close of the circuit court clerk's

office on September 22, 1982, the docket clerk attempted to file plaintiff's complaint and that the filing of the complaint was refused by the clerk's office because the summons was improperly prepared. The summons which had been initially prepared was one which is typically filed for law division cases. It did not contain the heading "Summons in Administrative Review." A new summons was prepared and the complaint and summons were filed on September 23, 1982.

Plaintiff has raised several issues which may properly be disposed of by the question of whether the trial court erred in concluding that plaintiff did not file his action for administrative review within the jurisdictional time limit.

In *Chin v. Department of Public Aid* (1979), 78 Ill. App. 3d 1137, 1139, 398 N.E.2d 135, this court stated as follows:

"Section 11—8.7 of the Public Aid Code (Ill. Rev. Stat. 1977, ch. 23, par. 11—8.7) expressly provides that the Administrative Review Act governs judicial review of agency decisions with respect to the Medical Assistance Program. Section 4 of the Administrative Review Act requires a plaintiff to file a complaint for administrative review 'within 35 days from the date that a copy of the decision sought to be reviewed *was served* upon the party affected thereby.' (Emphasis added.)"

Plaintiff has not denied that he received notice of the denial of his application for medical assistance benefits. In this connection the recent case of *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 451 N.E.2d 842, is controlling. In *Cox*, the trial court dismissed an administrative review action on the ground that it was not timely filed when the complaint was filed within the 35-day time period, but the summons was not issued. Plaintiff argued that he had performed all the acts required under the statute and that he should not be denied his day in court because of the failure of the clerk's office to issue the summons on the day they were delivered. The Illinois Supreme Court agreed and held that plaintiff had acted with diligence in presenting to the clerk summons which requires only signature and seals prior to service. On the record presented the action was timely filed and on the method of service of the administrative decision "the decision was served when deposited in the United States mail." (96 Ill. 2d 399, 403; *cf. Thompson v. Bernardi* (1983), 112 Ill. App. 3d 721, 445 N.E.2d 1321.) In the instant case, the trial court properly rejected plaintiff's claim of good faith and the matter of improper summons as supporting a recognition of an exception to the 35-day jurisdictional filing requirement of a complaint under section 3—103. We agree with the ruling of the trial court and we do not perceive the

language in *Cox* as sanctioning any exception by reason of an uncorroborated delay occasioned by the clerk's office as distinguished from a situation where the facts are established that the clerk's office occasioned the delay in the issuance of the summons only.

Accordingly, the judgment of the circuit court of Cook County is affirmed.

Judgment affirmed.

BUCKLEY, P.J., and GOLDBERG, J., concur.