PIASA MOTOR FUELS, INC., Plaintiff-Appellee, v. THE DEPARTMENT OF REVENUE *et al.*, Defendants-Appellants.

Fifth District   No. 5—84—0450

Opinion filed December 2, 1985.

Neil F. Hartigan, Attorney General, of Springfield (Raymond J. Watson, Jr., Assistant Attorney General, of counsel), for appellants.

Stephen P. Schrimpf, of Alton, for appellee.

JUSTICE WELCH delivered the opinion of the court:

This cause concerns a disputed retailers' occupation tax assessment. Appellee Piasa Motor Fuels, Inc., sought administrative review in the circuit court of St. Clair from the adverse decision of appellee Illinois Department of Revenue. The circuit court entered a default judgment in favor of Piasa. The Department of Revenue appeals from the circuit court's refusal to vacate said judgment.

The pertinent facts follow: Piasa petitioned the Department of Revenue, seeking a tax exemption for the sale of gasoline by Piasa to Vandalia Bus Lines, Inc. Piasa claimed that the gasoline was in fact sold to East St. Louis School District No. 189 and that Vandalia Bus Lines, Inc., purchased the gasoline as agent for the school district. A referee concluded that Piasa had failed to establish its claim by presenting documentary evidence that the school district had ever reimbursed the bus company for the gasoline. Piasa's complaint for administrative review was filed February 2, 1984. By order of the circuit court filed May 2, notice to the Department, a hearing on Piasa's request for preliminary injunction was set for June 6, 1984. On the latter date, the Department having failed to appear, the court entered default judgment in favor of Piasa. On June 7, 1984, the Department's entry of appearance was received and filed by the circuit clerk. The Department then moved to vacate the judgment. The Department appeals from the denial of that motion.

The Department argues that Piasa's failure to file a bond with the circuit court required dismissal of Piasa's complaint for administrative review. Piasa argues that the statutory requirement of bond was waived in this case by the Department's acceptance of payment of the full amount of taxes assessed. Piasa also argues that the Department has waived the issue by failing to raise it in the circuit court. The Department replies that the bond requirement is by statute jurisdictional and hence cannot be waived; further, that Piasa's payment did not include interest and penalties totaling $13,438.20.

In question is section 12 of "An Act in relation to a tax upon persons engaged in the business of selling tangible personal property to

purchasers for use or consumption" (hereinafter the Act) (Ill. Rev. Stat. 1983, ch. 120, par. 451), which section states in pertinent part:

> "Any action under the Administrative Review Law to review a final assessment or revised final assessment issued by the Department under this Act shall be dismissed on motion of the Department or by the court on its own motion, unless the person filing such action files, with the court, within 20 days after the filing of the complaint and the issuance of the summons in the action, a bond with good and sufficient surety *** or unless the court, in lieu of the bond, shall enter an order imposing a lien upon the plaintiff's property as hereinafter provided. When dismissing the complaint, the court shall enter judgment against the taxpayer ***. The amount of such bond shall be fixed and approved by the court, but shall not be less than the amount of the tax and penalty claimed to be due by the Department in its final assessment or revised final assessment to the person filing such bond, plus the amount of interest due ***." (Ill. Rev. Stat. 1983, ch. 120, par. 451.)

Effective January 5, 1984, section 12 of the Act was amended by modification of the second sentence of the above quotation:

> "Upon dismissal of any complaint for failure to comply with the jurisdictional prerequisites herein set forth, the court is empowered to and shall enter judgment against the taxpayer ***." Ill. Rev. Stat., 1984 Supp., ch. 120, par. 451.

■■ In *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 427 N.E.2d 90, our supreme court held that under the 1983 version of section 12 of the Act, the timely filing of the appeal bond was not jurisdictional, though it is mandatory. The court also concluded that the Department had waived any objection to the timeliness of filing of the bond by its express acquiescence in a late filing. The Department suggests that the amendment to section 12 of the Act, effective January 5, 1984, was intended to change the result in *Glasco*. We agree that the "mandatory but not jurisdictional" rule has changed, whether or not in direct response to *Glasco*, in light of that amendment. An amendment to a statute is an appropriate source for determining the legislative intent. If an amendment is enacted soon after there were controversies as to the interpretation of the statute it amends, it is logical and reasonable to regard the amendment as a legislative interpretation of the original statute. (*People v. Rink* (1983), 97 Ill. 2d 533, 540-41, 455 N.E.2d 64, 68.) The legislature is presumed to know the construction that a statute has been given; by reenactment, the legislature is assumed to have intended the new

statute to have the same effect. (*Williams v. Crickman* (1980), 81 Ill. 2d 105, 111, 405 N.E.2d 799, 802.) Conversely, an amendment is presumed to have changed the law rather than to have reaffirmed it. (*Saltiel v. Olsen* (1979), 77 Ill. 2d 23, 29, 394 N.E.2d 1197, 1200.) It appears that the amendment in question was intended to make the bonding requirement a jurisdictional prerequisite to review of a final assessment, and we so hold.

●3 The remaining question as to bond pertains to the sufficiency of the $24,611 deposit for jurisdictional purposes. At issue is whether the purpose of the bond has been otherwise served, *i.e.*, whether Piasa's deposit eliminated the danger that the State would suffer a loss of tax revenue. (*Collins Oil Co. v. Department of Revenue* (1983), 119 Ill. App. 3d 808, 816, 457 N.E.2d 118, 122.) Certainly such deposit, to suffice, must be no less than a proper bond, which must in all events be no less than the amount of the tax and penalty claimed by the Department in its final assessment, plus the amount of interest due. (Ill. Rev. Stat., 1984 Supp., ch. 120, par. 451.) The instant final assessment indicates a tax deficiency of $24,307, a penalty of $1,216, and interest due of $12,572.08, for a total of $38,095.08. It is apparent that Piasa's deposit falls substantially short of protecting the revenue in this case.

Piasa contends that the Department owes Piasa "substantial credits" on "other accounts," which the Department withheld and "which, together with the abovesaid [$24,611] deposit, substantially exceeded all taxes, interest and penalties allegedly due ***" from Piasa. This issue could be deemed waived because Piasa did not raise it in its initial brief. (87 Ill. 2d Rules 341(e)(7), (f).) However, we are authorized to consider the issue. See *People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1978), 58 Ill. App. 3d 28, 31, 373 N.E.2d 772, 774, *aff'd* (1980), 78 Ill. 2d 381, 400 N.E.2d 919.

The record on appeal is insufficient to show whether the Department is retaining credits sufficient to protect the revenue in this case. While it is Piasa's burden to show compliance with the bond requirement, it is the Department's duty as appellant to present a sufficient record on appeal. Doubts arising from incompleteness of the record must be resolved against the appellant. (*In re Marriage of Macaluso* (1982), 110 Ill. App. 3d 838, 846, 443 N.E.2d 1, 6.) Accordingly, we remand for the purpose of determining whether the Department is retaining enough of Piasa's funds to meet the jurisdictional requirements of section 12. If, on remand, Piasa is unable to so show, the court should enter judgment for the Department.

■ The Department next argues that Piasa failed to have sum-

mons issued within 35 days after the Department served Piasa with notice of the Department's decision. (Ill. Rev. Stat. 1983, ch. 110, par. 3—103.) Timely issuance may be excused if the record demonstrates a diligent effort to have summons issued on time. (*Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 404, 451 N.E.2d 842, 844.) According to Piasa's complaint for administrative review, Piasa received notice of the Department's decision on or about January 13, 1984. The January 30, 1984, affidavit of Piasa's counsel states the Department's address and requests that summons issue. The circuit clerk issued summons on April 25, 1984. According to the August 13, 1984, affidavit of Piasa's counsel: On February 2, 1984, counsel filed Piasa's complaint for administrative review and requested in writing that the clerk's office issue summons; approximately 30 days later counsel contacted the clerk's office to determine whether summons had been served; the clerk replied that the file on the case was missing; the clerk's office reported the file missing as late as April 14, 1984; the clerk's office promised to locate the file and confirm service of process; counsel was not informed until April 14, 1984, that summons was not served.

On this record, the delay in issuing summons was not Piasa's fault. The circuit court did not err in failing to dismiss Piasa's complaint based on untimely issuance of summons.

█ The Department argues that the circuit court erred in defaulting the Department without prior written notice of Piasa's motion for default judgment. St. Clair County circuit court rules require that the moving party in a civil case notify all other parties of the setting of its motion. This rule has the effect of a statute. (*Sentry Royalty Co. v. Craft* (1967), 79 Ill. App. 2d 410, 417, 226 N.E.2d 282, 285-86.) According to Piasa's written response to the Department's motion to set aside the default judgment, the summons issued to the Department designated the time for default. If such was the case, the summons complied with Supreme Court Rule 101(b) (87 Ill. 2d R. 101(b)). The Department does not contend that the time for default was not so designated. This appears to be sufficient compliance with the circuit court rule.

█ In any event, whether the Department was properly notified that it might be defaulted pertains only to the diligence exercised by the Department in presenting its defense. A default judgment may be vacated even absent due diligence. (*Bonanza International, Inc. v. Mar-Fil, Inc.* (1984), 128 Ill. App. 3d 714, 719, 471 N.E.2d 221, 225.) The Department was not entitled to have the default judgment vacated if the Department did not deserve relief in the first place, *i.e.*,

if it had no meritorious defense. (See *Graf's Beverages of Illinois, Inc. v. Tauber* (1977), 50 Ill. App. 3d 1047, 1051, 366 N.E.2d 150, 153-54.) Insofar as this scant record reveals, the parties genuinely dispute whether Piasa can establish that the school district paid for the gasoline. This cause should be decided on the merits if possible. (*Sentry Royalty Co. v. Craft* (1967), 79 Ill. App. 2d 410, 226 N.E.2d 282.) We cannot conclude that no sanction should have been imposed for the Department's failure to follow the progress of the case; however, since a genuine issue as to the merits appears, a lesser sanction than default may suffice on remand. See *Eastman Kodak Co. v. Guasti* (1979), 68 Ill. App. 3d 484, 489, 386 N.E.2d 291, 295; *Schwartz v. Moats* (1972), 3 Ill. App. 3d 596, 599-600, 277 N.E.2d 529, 531-32.

■ The Department contends that it is not authorized by statute to comply with the circuit court's order that it refund the sums Piasa paid on the disputed assessments. The Department argues that Piasa must file a claim for credit before the Department can refund the sums in dispute. Piasa does not contend that a claim for credit is unnecessary, or that it has already filed a claim for credit; rather, Piasa states that it will file a claim for credit prior to receiving credit or a refund. The two positions are not inconsistent. In any event, in light of the view we have taken of the other issues presented in this case, we need not be concerned now with the form of relief to which Piasa is entitled.

For the foregoing reasons, the judgment of the circuit court of St. Clair County is vacated. The cause is remanded to the circuit court with the following directions: The circuit court shall determine whether the Department retains sufficient sums owed to Piasa to stand in lieu of the statutory bond for the amount of the disputed final assessment, including interest and penalty. If not, the court shall enter judgment for the Department in accordance with section 12. If such sums are sufficient in lieu of bond, the court shall permit the Department to answer the complaint for administrative review or otherwise plead. If the Department fails to answer or otherwise plead within the time for answer, the circuit court shall reinstate the judgment.

Judgment vacated; cause remanded with directions.

KARNS and HARRISON, JJ., concur.