THE BOARD OF EDUCATION OF NORTH BOONE COMMUNITY UNIT SCHOOL DISTRICT NO. 200, Plaintiff-Appellant, v. THE REGIONAL BOARD OF SCHOOL TRUSTEES OF THE COUNTIES OF BOONE AND WINNEBAGO *et al.*, Defendants-Appellees.

Second District   No. 2—86—1077

Opinion filed June 3, 1987.

James M. Hess, of Pedderson, Menzimer, Conde, Stoner & Killoren, of Rockford, for appellant.

Paul E. Gaziano, of Rockford, for appellees.

JUSTICE HOPF delivered the opinion of the court:

The plaintiff, North Boone Community Unit School District No. 200 (North Boone), appeals from the decision of the circuit court which granted the motion of the defendants, regional board of school

trustees of Boone and Winnebago counties (regional board), Boone and Winnebago county school superintendent, Blanche Martin, Community Unit School District No. 100, and Frederick and Linda Cox, to dismiss its complaint based on failure to have issued a timely summons. On appeal the plaintiff argues, first, that the trial court erred when it granted the dismissal based on the plaintiff's failure to have issued a timely summons, since the defendant's violation of the notification requirements as set forth in section 7—7 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 7—7), in fact, extended the time in which the plaintiff could file its administrative review action. The plaintiff also argues, in the alternative, that the failure to issue summons would be liberally construed based on a good-faith effort to seek review of the administrative decision. For the reasons set forth below, we affirm the trial court's judgment.

On June 27, 1985, the defendants Cox petitioned the regional board to detach territory from North Boone and annex the same to Community Unit School District No. 100. The regional board entered an order of detachment and annexation on October 15, 1985. The superintendent of the regional office of education prepared a certified copy of this order and sent it to the plaintiff, North Boone, by first class mail.

On November 14, 1985, the plaintiff filed a complaint which sought judicial review of the decision. No attorney filed an appearance on behalf of the plaintiff at that time. In addition, the plaintiff did not cause summons to be issued in this matter, and the complaint failed to name certain parties to the action.

On February 19, 1986, after having retained counsel, the plaintiff sought to amend its complaint to add additional parties and obtain issuance of a summons. The defendants moved to dismiss the complaint based on the plaintiff's failure to have issued a timely summons pursuant to section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—103). The court allowed the defendant's motion, and the plaintiff then requested reconsideration of that ruling on the basis that the defendants had not properly notified it of the regional board's order and, thus, the time for filing its complaint had not commenced. The trial court denied the motion for reconsideration, and the plaintiff filed this timely appeal.

■ The central issue in this appeal is whether the plaintiff's failure to procure issuance of summons within the 35-day time period prescribed by section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—103) barred the court's review of the adverse administrative opinion. The regional board's decision to grant

detachment constitutes final administrative action, and, as such, our review of that decision must be in accordance with the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 122, par. 7—7). (*Robinson v. Regional Board of School Trustees* (1985), 130 Ill. App. 3d 509, 511, 474 N.E.2d 708.) It is well settled that "the right to review a final administrative decision is limited and circumscribed by the statute or statutes authorizing such review [citation]." *Stirniman v. County Board of School Trustees* (1960), 26 Ill. App. 2d 245, 249, 167 N.E.2d 829.

Section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—103) provides:

> "Every action to review a final administrative decision shall be commenced by the filing of a complaint and the issuance of summons within 35 days from the date that a copy of the decision sought to be reviewed was served upon the party affected thereby. The method of service of the decision shall be as provided in the Act governing the procedure before the administrative agency, but if no method is provided, a decision shall be deemed to have been served either when personally delivered or when deposited in the United States mail, in a sealed envelope or package, with postage prepaid, addressed to the party affected thereby at his or her last known residence or place of business."

■ A party who fails to seek review of an administrative decision "within the time and *** manner" provided in the act "shall be barred from obtaining judicial review of such administrative decision." (Ill. Rev. Stat. 1985, ch. 110, par. 3—102.) Our supreme court has held that a party seeking judicial review of an administrative decision must act promptly and within the time prescribed by statute. *Pearce Hospital Foundation v. Illinois Public Aid Com.* (1958), 15 Ill. 2d 301, 305, 154 N.E.2d 691.

■ "The 35-day time limit for filing a complaint for administrative review is a jurisdictional requirement." (*Robinson v. Regional Board of School Trustees* (1985), 130 Ill. App. 3d 509, 512, 474 N.E.2d 708.) It follows that if that requirement is violated, the circuit court shall dismiss the action because the court lacks jurisdiction to review the agency's decision. *In re Charges Against Crotty* (1983), 115 Ill. App. 3d 248, 251, 450 N.E.2d 399; *Hoffman v. Department of Registration & Education* (1980), 87 Ill. App. 3d 920, 924, 410 N.E.2d 291.

There is no dispute that in the present case more than 35 days passed between the issuance of summons and the time the notice of decision was mailed by the regional board. The issue raised by the plaintiff is whether, in the first instance, the notice of the decision

should have been served by registered mail, as required by statute, rather than first class mail. It is our belief, however, that the trial court properly determined that service of notice by first class mail was sufficient and that it complied with the requirements of the Administrative Review Act. Accordingly, the court correctly dismissed the administrative review action as untimely.

■ We agree with the plaintiff that the express terms of section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—103) require a review of section 7—7 of the School Code (Ill. Rev. Stat. 1985, ch. 122, par. 7—7) in order to determine the method of service of the administrative decision. Section 7—7 provides in part that the decision must be "served by registered mail upon the party affected thereby." In the present case notice of the decision was not shown to have complied with the requirements of the School Code. Notice was not given by registered mail, but, rather, only by first class mail. " 'Had notice been given by certified or registered mail, then the date of mailing would be controlling.' " (*Board of Education v. Adelman* (1985), 137 Ill. App. 3d 965, 971, 485 N.E.2d 584, quoting *Massoud v. Board of Education* (1981), 97 Ill. App. 3d 65, 69, 422 N.E.2d 236, *appeal denied* (1981), 85 Ill. 2d 566.) Given the failure to comply with the specific notice requirements of the statute, we cannot presume that notice was received on the date of mailing. To do so would be to condone fully the lack of strict compliance by the regional board. However, we do not conclude that the decision and order are void, based upon the failure to comply strictly with the notice requirements. (Ill. Rev. Stat. 1985, ch. 127, par. 1014; see *Massoud v. Board of Education* (1981), 97 Ill. App. 3d 65, 69, 422 N.E.2d 236, *appeal denied* (1981), 85 Ill. 2d 566.) Here, there was substantial compliance with the requirement of notice, and there is no dispute that notice and a copy of the decision were received by the plaintiff within days after the decision was rendered. Under the circumstances, the actual date of the receipt of the notice by the plaintiff should control for purposes of filing the review action. The plaintiff has admitted actual notice by the filing of the original complaint on November 14, 1985.

Even if we were to conclude that the 35-day period for issuance of summons is not jurisdictional and, therefore, that the failure to secure issuance of summons within the period would not preclude judicial review (*City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 381-82, 454 N.E.2d 652; *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 404, 451 N.E.2d 842), the 35-day period is intended to insure that the plaintiff cannot

unduly delay review (*City National Bank & Trust Co. v. Illinois Property Tax Appeal Board* (1982), 108 Ill. App. 3d 979, 982, 439 N.E.2d 1301, *aff'd* (1983), 97 Ill. 2d 378, 454 N.E.2d 652). A plaintiff must show a good-faith effort to have the clerk issue the summons within 35 days to warrant relaxation of the filing period. (*Moretti v. Department of Labor* (1983), 119 Ill. App. 3d 740, 744-45, 457 N.E.2d 114.) In the present case, the plaintiff waited 86 days before procuring the issuance of summons. This inaction cannot be considered to be a substantial effort in good faith to have summons issued.

We also find that the plaintiff's justification for the delay, namely, that it was acting without a lawyer, is without merit. We discern no basis in law for allowing the plaintiff relief for its failure to hire an attorney.

Accordingly, we agree with the trial court that the plaintiff could not act in a timely fashion in procuring summons, and, therefore, the circuit court of Boone County properly dismissed the plaintiff's complaint.

The judgment of the circuit court of Boone County is affirmed.

Affirmed.

WOODWARD and NASH, JJ., concur.