EDGAR WILSON *et al.*, Plaintiffs-Appellants, v. REGIONAL BOARD OF SCHOOL TRUSTEES OF MONROE-RANDOLPH COUNTIES *et al.*, Defendants-Appellees.

Fifth District No. 5—87—0732

Opinion filed February 10, 1989.

Joel M. Drury, of Belleville, for appellants.

Randall W. Rodewald, State's Attorney, of Chester, for appellee Regional Board of School Trustees of Monroe-Randolph Counties.

D. McMeekin Conn, of Conn, Clendenin, Norton & Farris, of Sparta, for appellee Sparta Community Unit School District No. 140.

JUSTICE GOLDENHERSH delivered the opinion of the court:

Plaintiffs, Edgar Wilson and Barbara Wilson, appeal from an order of the circuit court of Randolph County dismissing their complaint for administrative review. The issue on appeal is whether the trial court erred in dismissing their complaint for failure to comply with Supreme Court Rule 291 (107 Ill. 2d R. 291). This court reverses and remands.

Plaintiffs petitioned defendant, Regional Board of School Trustees

of Monroe-Randolph Counties (Board), to have their residence detached from the Sparta Unit School District 140 and annexed to the Steeleville Unit School District 138. After a hearing, the Board denied their petition in a written order dated June 29, 1987. Soon thereafter, on July 30, 1987, plaintiffs filed a timely complaint for administrative relief in the circuit court of Randolph County against the Board, the Steeleville Community Unit School District 138 (not a party to this appeal), and the Sparta Community Unit School District No. 140 (School District). In a letter addressed to the clerk and filed with the complaint, plaintiffs specifically stated that the complaint was for administrative review and requested a summons to be issued for each defendant but did not cite Supreme Court Rule 291 (107 Ill. 2d R. 291). On July 30, 1987, the clerk issued a law division summons stating that defendants had 30 days to file answers instead of 35 days as per Rule 291.

Defendant, Steeleville Community Unit School District 138, filed its written appearance on August 13, 1987, and defendant School District filed its written appearance on August 14, 1987. On September 2, 1987, the Board filed its written appearance along with a motion to dismiss for failure of the summons to comply with Rule 291 as it failed to provide 35 days to answer. After a hearing on September 18, the court filed a written order dismissing the complaint, finding that the court lacked jurisdiction. From this order, plaintiffs appeal.

■ It is well established that courts will " 'liberally construe a right to appeal so as to permit a case to be considered on its merits.' " (*Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403, 451 N.E.2d 842, 844, quoting *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 351-52, 427 N.E.2d 90, 93.) That "right to review a final administrative decision is limited and circumscribed by the statute or statutes authorizing such review," and as such, a party seeking such review must do it in a timely manner, acting promptly and within the time prescribed by statute. *Board of Education of North Boone Community Unit School District No. 200 v. Regional Board of School Trustees* (1987), 156 Ill. App. 3d 504, 506, 509 N.E. 2d 132, 134.

The court will relax a mandatory requirement:

> "[W]hen a party has done all that he can to meet the statutory requirements, but there is failure to comply with the statute because of the action or inaction of a third person outside his control, [and] to deny him the right to pursue his administrative remedy would constitute a deprivation of due process." (*City National Bank & Trust Co. v. Property Tax Appeal Board*

(1983), 97 Ill. 2d 378, 380, 454 N.E.2d 652, 654, citing *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148.)

Specifically, where a party can show a good-faith effort to have the clerk issue a summons within the 35-day period, the time requirement may be relaxed. *Board of Education of North Boone Community Unit School District No. 200 v. Regional Board of School Trustees* (1987), 156 Ill. App. 3d 504, 508, 509 N.E. 2d 132, 135; *Piasa Motor Fuels, Inc. v. Department of Revenue* (1985), 138 Ill. App. 3d 422, 427, 486 N.E.2d 379, 382.

In this case, plaintiffs acting with due diligence filed the complaint and letter requesting summons to be issued well within the 35-day requirement. Plaintiffs acted in a prompt and timely manner to meet the mandatory requirement. However, the clerk promptly but incorrectly issued a law division summons. At this point, defendants argue that plaintiffs are not excused because an improperly prepared summons is insufficient, and as such, plaintiffs lacked substantial compliance with Rule 291. Defendants cite *Ellis v. Miller* (1983), 119 Ill. App. 3d 579, 456 N.E.2d 987. This court finds *Ellis* factually distinguishable from the case at bar.

In *Ellis*, plaintiffs sought administrative review by attempting to file on the thirty-fifth day and one hour prior to closing of the clerk's office his complaint and summons. When the clerk attempted to file the complaint, he discovered that the summons did not state "Summons in Administrative Review." On the following, thirty-sixth, day, plaintiff filed a complaint and "proper" summons. This court cited the holding in *Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 451 N.E.2d 842, that where a plaintiff has acted with diligence in presenting to the clerk a summons which requires only a signature and seals prior to service, the plaintiff should not be denied his day in court. The *Ellis* court found that although *Cox* was controlling, it did "not perceive the language in *Cox* as sanctioning any exception by reason of an uncorroborated delay occasioned by the clerk's office as distinguished from a situation where the facts are established that the clerk's office occasioned the delay in the issuance of the summons only." *Ellis*, 119 Ill. App. 3d at 581-82, 456 N.E.2d at 989.

In this case, plaintiffs filed their complaint and request for appropriate summons *not* on the last day and last hour prior to the expiration of the 35-day time limit, but rather at a time at which, had they known about any problems with the summons or been informed by the clerk of any problem, they would have had sufficient time to cure the defect. More importantly, the "defect" in the summons was occa-

sioned not by plaintiffs but by a third party not under their control.

■ In addition to the above-mentioned findings, this court also notes that Rule 291 requires only substantial compliance with the form of summons contained in the rule. Instances which illustrate substantial compliance are where notice by registered mail is required but notice by first class mail is used and where the aggrieved party was diligent in obtaining issuance, of summons but a third party not in its control causes the summons to be delayed beyond the 35-day limit. (*Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 451 N.E.2d 842; *City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 454 N.E.2d 652; *Piasa Motor Fuels, Inc. v. Department of Revenue* (1985), 138 Ill. App. 3d 422, 486 N.E.2d 379.) Furthermore, under section 3—103 of the Administrative Review Law (Ill. Rev. Stat. 1985, ch. 110, par. 3—103), the form of the summons is to be according to the supreme court rules, and as such, a use of the wrong form of summons will not defeat the jurisdiction of the court. (107 Ill. 2d R. 101(e).) Since plaintiffs have substantially complied with Rule 291, we will not permit a third party, not in control of the aggrieved party, to defeat that party's right to administrative review, especially where the aggrieved party acted with due diligence. In conclusion, this court finds that the trial court erred in dismissing plaintiffs' complaint where the wrong form of a summons was issued not because of plaintiffs' lack of either due diligence or substantial compliance to meet the requirements of the appropriate statute, but rather because of the fault of a third party not within the control of plaintiffs.

For the foregoing reasons, this court reverses the order of the circuit court of Randolph County and remands for further proceedings not inconsistent with this decision.

Reversed and remanded.

RARICK and CHAPMAN, JJ., concur.