SYLVIA FORTSON, Appellant, v. THE INDUSTRIAL COMMISSION *et al.* (University of Illinois Medical Center, Appellee).

First District (Industrial Commission Division)   No. 1—87—1963WC

Opinion filed May 26, 1989.—Rehearing denied July 18, 1989.

BARRY, P.J., dissenting.

Sylvia Fortson, of Chicago, appellant *pro se.*

Seyfarth, Shaw, Fairweather & Geraldson, of Chicago, for appellee.

JUSTICE McCULLOUGH delivered the opinion of the court:

We consider here the question of subject-matter jurisdiction of the circuit court. On June 12, 1986, the Industrial Commission (Commission) affirmed an arbitrator's award in favor of claimant for temporary total disability. The Commission order also recited that the probable cost of the record to be filed as part of any review of the decision of the Commission was $35. Claimant decided to seek review.

On July 1, 1986, claimant presented a handwritten request to the Commission asking that payment of the fee for preparation of the record be waived together with a notice setting the motion for hearing on July 10, 1986. Before receiving a ruling on that motion, however, on July 3, 1986, claimant filed an application to sue or defend as a poor person with the circuit court of Cook County requesting review of the Commission's decision.

On the same day, the application to sue and defend as a poor person was considered *ex parte* and granted by a judge of the circuit court of Cook County, as evidenced by a check mark in the box labeled "application granted" on the face of the application, followed by the signature of the trial judge and a file stamp bearing the trial judge's name also dated July 3, 1986. The record also reveals that summons issued and a certificate of mailing was made on July 3, 1986, although there is no written request for issuance of summons contained in the record.

Claimant's motion before the Commission was heard and denied in a written order entered on August 4, 1986. Upon payment of the $35 fee, the Commission issued a receipt for payment of the probable cost of the record on August 19, 1986, which was subsequently filed with the circuit court on August 22, 1986.

Respondent moved to dismiss the circuit court proceeding for lack of subject-matter jurisdiction. The trial court granted the motion and claimant filed a timely notice of appeal.

On appeal the parties raise the issue of whether the circuit court lacked subject-matter jurisdiction because summons was issued prior to verification by the circuit court clerk that the probable cost of the record had been paid. On our own motion, this court raised the issue of the effect, if any, of the circuit court's order allowing claimant's application to sue or defend as a poor person either prior to or simultaneous with the issuance of summons.

The cases are legion which state that failure to strictly comply with the provisions of section 19(f)(1) of the Workers' Compensation Act (Act) (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)(1)) deprives the

circuit court of subject-matter jurisdiction. (*Malone v. Industrial Comm'n* (1986), 141 Ill. App. 3d 116, 489 N.E.2d 1167.) Section 19(f)(1) of the Act provides in relevant part:

> "[N]o summons shall issue unless the party seeking to review the decision of the Commission shall exhibit to the clerk of the Circuit Court proof of payment by filing a receipt showing payment or an affidavit of the attorney setting forth that payment has been made of the sums so determined to the Secretary or Assistant Secretary of the Commission, except as otherwise provided by Section 20 of this Act." (Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)(1).)

Strict compliance with the Act has been relaxed only to the extent a receipt need not actually be exhibited as long as the circuit clerk has assured himself the probable cost of the record has actually been paid prior to the issuance of summons. *Malone*, 141 Ill. App. 3d 116, 489 N.E.2d 1167.

It is conceded by claimant the requirements of section 19(f)(1) were not met. Claimant argues, however, her request to waive the fee for issuance of summons which was pending before the Commission when review to the circuit court was sought is sufficient to obviate the need to strictly comply with section 19(f)(1), since the 20-day statutory period for filing for review of the Commission decision was running and, according to claimant, no commissioner was immediately available to consider her motion to waive the fee.

Section 20 of the Act provides in pertinent part:

> "If the Commission shall, before or after any hearing, proceeding, or review to any court, be satisfied that the employee is a poor person, and unable to pay the costs and expenses provided for by this Act, the Commission shall permit such poor person to have all the rights and remedies provided by this Act, including the issuance and service of subpoenas; a transcript of testimony and the record of proceedings at hearings before an Arbitrator or the Commission; the right to have the record of proceedings certified to the circuit court; the right to the filing of a written request for summons; and the right to the issuance of summons, without the filing of a bond for costs and without the payment of any of the costs provided for by this Act." (Ill. Rev. Stat. 1987, ch. 48, par. 138.20.)

The question is whether a pending motion seeking relief from payment of costs filed with the Commission relieves a party from complying with section 19(f)(1) before a petition for review in the circuit court may be filed and summons issue. We hold that it does not.

■ In *Moweaqua Coal Mining & Manufacturing Co. v. Industrial Comm'n* (1926), 322 Ill. 403, 153 N.E. 678, the supreme court stated:

> "The statute says plainly that no *praecipe* for a writ of *certiorari* may be filed and no writ shall issue until the parties seeking the writ shall exhibit to the circuit clerk a receipt showing payment of the amount of the probable cost of the record to be filed as a return to the writ of *certiorari.* The purpose of the statute is to coerce the payment of an amount sufficient to cover the cost of the record which the Industrial Commission must prepare. The legislature has seen fit to make the payment of this amount a condition precedent to the issuance of the writ. The language of the statute is plain and there is no room for construction. The clerk had no authority to issue the writ and it was properly quashed on motion." (322 Ill. at 405, 153 N.E. at 678-79.)

While it has been held, albeit in different circumstances, a circuit court order allowing a motion to " 'commence and prosecute' " a lawsuit as a poor person may relieve a claimant of the burden of exhibiting a receipt for payment of costs, "[i]f no such order is entered the clerk must observe the statute and decline to issue the writ [now summons], unless such receipt is exhibited." (*Visioni v. Industrial Comm'n* (1942), 379 Ill. 608, 615, 42 N.E.2d 64, 67.) Since no order of the Commission waiving fees existed, the clerk of the circuit court was not authorized to issue summons in the absence of compliance with section 19(f)(1).

We now turn to consideration of the issue this court raised *sua sponte* as to the effect, if any, of the order waiving fees and costs in the circuit court entered by a trial judge on the same date claimant filed her application for leave to sue or defend as a poor person with the circuit clerk. While no cases are called to our attention which are directly on point, we find instructive the supreme court's discussion in *Visioni v. Industrial Comm'n* (1942), 379 Ill. 608, 42 N.E.2d 64. That case arose under the Workmen's Occupational Diseases Act (Ill. Rev. Stat. 1941, ch. 48, par. 172.1 *et seq.*). The employee filed a motion in the circuit court for leave to sue as a poor person simultaneous to the filing of the *praecipe* for writ of *certiorari.* The Industrial Commission had previously denied a request for leave to sue as a poor person because the Workmen's Occupational Diseases Act in effect at the time did not contain a provision similar to section 20 of the present Workers' Compensation Act (then section 19a of the Act (Ill. Rev. Stat. 1941, ch. 48, par. 156a)), which would have permitted the Commission to waive fees had the case arisen under the compensation law.

The trial court, on *ex parte* hearing, granted the request to sue as

a poor person and directed the Commission to certify a transcript of its proceedings "without exhibiting the receipt showing payment" of the cost of preparing the record. The employer moved to quash the writ on the basis the court did not have jurisdiction which was denied. The supreme court affirmed, holding the trial court had authority to waive costs under the costs statute (Ill. Rev. Stat. 1941, ch. 33, par. 5, now Ill. Rev. Stat. 1985, ch. 110, par. 5—105). The supreme court concluded the costs statute was not limited to the costs of the court itself but *might* extend to those of the Commission, at least so long as the Commission did not refuse to respond to the writ. The court refused to answer the question of the right of a circuit court to require the Commission to make a return without first being paid its charges on the grounds such question was not before it. *Visioni*, 379 Ill. at 614, 42 N.E.2d at 67.

■ The supreme court has clearly indicated a circuit court does not lack subject-matter jurisdiction where the clerk of the circuit court accepts for filing Industrial Commission materials without payment of the circuit clerk's charges in advance. In *Elles v. Industrial Comm'n* (1940), 375 Ill. 107, 30 N.E.2d 615, the supreme court held such circumstances constituted no grounds for quashing a writ of *certiorari* since payment of the circuit clerk's costs was not jurisdictional and the costs statute which required payment of fees to the clerk in advance was merely directory. On the other hand, the supreme court has consistently held compliance with section 19(f)(1) is a condition precedent for issuance of the writ of *certiorari* which, if not met, does not confer subject-matter jurisdiction on the court. *Arrington v. Industrial Comm'n* (1983), 96 Ill. 2d 505, 508-09, 451 N.E.2d 866, 867.

■ Under the facts of this case we conclude the trial court's *ex parte* order did not extend to waiver of the fee associated with preparation of the Commission record. In the first instance, under *Visioni*, the compensation act provides the express authority by which the Commission is empowered to consider waiver of fees. The parties were proceeding before the Commission pursuant to that authority even after the trial court's order was entered, conduct inconsistent with any claim the trial court's order addressed this question. Moreover, sanctioning such a practice would undermine the strong legislative policy requiring compliance with section 19(f)(1) by allowing a party on an *ex parte*, perfunctory hearing, without notice to the opposing party, to avoid what has been determined to be a jurisdictional step in the review of compensation cases.

Under the circumstances present in this case, we conclude the circuit court properly dismissed the petition for review for lack of juris-

diction. Accordingly, the judgment of the circuit court of Cook County is affirmed.

Affirmed.

McNAMARA, WOODWARD, and LEWIS, JJ., concur.

PRESIDING JUSTICE BARRY, dissenting:

The majority acknowledges that factually this case is virtually identical to *Visioni v. Industrial Comm'n* (1942), 379 Ill. 608, 42 N.E.2d 64, but purports to give overriding significance to the fact that the statutory scheme then in effect is not what it now is. I respectfully disagree with the reasoning as well as the majority's result. I would hold, consistent with *Visioni* and the modern trend to liberalize jurisdictional requirements (see, *e.g., Barry v. Industrial Comm'n* (1973), 55 Ill. 2d 274, 302 N.E.2d 277; *Chadwick v. Industrial Comm'n* (1987), 154 Ill. App. 3d 859, 507 N.E.2d 878; *Sprinkman & Sons Corp. v. Industrial Comm'n* (1987), 160 Ill. App. 3d 599, 513 N.E.2d 1188; Ill. Rev. Stat. 1987, ch. 48, par. 138.19(f)(1) (as revised by Pub. Act 84—981, effective Sept. 25, 1985, to allow for affidavit of attorney to substitute for a receipt proving payment of probable costs to Commission)), that petitioner's *bona fide* efforts to comply with the letter of the Workers' Compensation Act constitute substantial compliance with sections 19 and 20 of the statute sufficient to confer jurisdiction on the circuit court.

Because this is a section 20 case and petitioner had to proceed *pro se* to pursue her appeal, she understandably relied upon the advice and judgment of whoever in the office of the Industrial Commission accepted her July 1 handwritten request for waiver of costs and completed her notice of motion setting the hearing for July 10. Since it is apparent from this record that no commissioner was available to hear her motion before the expiration of the 20-day period for commencing action to review the Commission's decision (section 19(f)(1)), petitioner was referred to the office of the clerk of the Cook County circuit court, where she obtained a form entitled "Application to Sue or Defend as a Poor Person."

Then, on July 3 (still within the 20-day period) and, apparently again on the advice of personnel in the Commission's office, petitioner took her previously filed, handwritten request and notice of motion, together with the completed and notorized application form, to the office of the clerk of the Cook County circuit court. There, she refiled the documents, and Judge Lester Foreman granted the application the

same day. Summons issued, and a certificate of mailing was filed by the clerk, and all of the documents filed that day in the circuit court were stamped "no fee" "pauper plaintiff."

Given these unique circumstances, it is little wonder that the *pro se* petitioner failed to appear before the Commission on July 10 for a hearing on her section 20 motion. To all appearances, petitioner had satisfied the appropriate jurisdiction of her then financial situation based on her notorized affidavit timely filed and approved by the circuit court on July 3. There was absolutely no notice given at that point that petitioner would be required to present further proof of her status as a poor person in order to proceed with her request for review in the circuit court.

In my opinion, the *pro se* petitioner should not be faulted for proceeding as she did. Her good faith is further exemplified by her compliance with the Commission's belated order denying the section 20 motion and requiring that probable costs be paid. The fact that petitioner produced the $35 on August 19 in no way detracts from her position that she qualified as a poor person for purposes of appealing her cause to the circuit court on July 1. Even poor persons are allowed to own or borrow $35 in cash.

An analogous situation was recently presented in *Wilson v. Regional Board of School Trustees* (1989), 179 Ill. App. 3d 485, 534 N.E.2d 690, in the context of an appeal from an administrative school district annexation/detachment order. Because the county clerk issued a summons specifying that the school defendants had only 30 days to answer, instead of the statutorily authorized 35 days, the school defendants moved to dismiss the plaintiff homeowners' petition for administrative review. The circuit court granted the motion, and plaintiffs appealed. The appellate court reversed. Justice Goldenhersh, writing for the court, offered concise reasoning which, in my opinion, merits repeating herein:

> "It is well established that courts will ' "liberally construe a right to appeal so as to permit a case to be considered on its merits." ' (*Cox v. Board of Fire & Police Commissioners* (1983), 96 Ill. 2d 399, 403, 451 N.E.2d 842, 844 quoting *Glasco Electric Co. v. Department of Revenue* (1981), 86 Ill. 2d 346, 351-52, 427 N.E.2d 90, 93.) That 'right to review a final administrative decision is limited and circumscribed by the statute or statutes authorizing such review,' and as such, a party seeking such review must do it in a timely manner, acting promptly and within the time prescribed by statute. *Board of Education of North Boone Community Unit School District No. 200 v. Regional Board of*

*School Trustees* (1987), 156 Ill. App. 3d 504, 506, 509 N.E.2d 132, 134.

> The court will relax a mandatory requirement:
>
> '[W]hen a party has done all that he can to meet the statutory requirements, but there is failure to comply with the statute because of the action or inaction of a third person outside his control, [and] to deny him the right to pursue his administrative remedy would constitute a deprivation of due process.' (*City National Bank & Trust Co. v. Property Tax Appeal Board* (1983), 97 Ill. 2d 378, 380, 454 N.E.2d 652, 654, citing *Logan v. Zimmerman Brush Co.* (1982), 455 U.S. 422, 71 L. Ed. 2d 265, 102 S. Ct. 1148.)" (*Wilson*, 179 Ill. App. 3d at 486-87, 534 N.E.2d at 691.)

As previously noted in this case, petitioner's July 1 request to proceed as a poor person was not set to be heard until July 10, a date outside the 20-day period for issuing summonses. Procedural due process demands that the opportunity for a party to be heard must be made available within the statutory limitation period.

The majority's attempt to distinguish this case from *Visioni* by the fact that the Commission, as opposed to the circuit court, failed to enter an order waiving fees rings hollow when it is manifest that this petitioner was shuttled from the office of the Commission over to the office of the circuit clerk because no commissioner was available to hear her section 20 motion before the expiration of the 20-day period.

Moreover, I find nothing in section 20 requiring a full hearing on a motion to proceed as a poor person. In my opinion, the record establishes that the Commission erred in denying the section 20 motion. It should have been allowed on the basis of the affidavit petitioner filed with the circuit court on July 3. Petitioner therein states that she owns no real estate and the value of her personal property does not exceed $1,500. To all appearances, this document was never considered by the Commission.

The trial court's dismissal of the appeal for lack of subject-matter jurisdiction merely compounded the comedy of administrative and judicial errors for which this petitioner must now pay. The majority approves. This is not justice. Based on the precedent of *Visioni*, the administrative rule of liberal construction as recently reiterated in *Wilson* and the principle of substantial compliance with the Workers' Compensation Act, I would reverse.